NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

JOSEPH LOCKETT, III, *Appellant*.

No. 1 CA-CR 18-0032, 1 CA-CR 18-0043
(Consolidated)
FILED 10-16-2018

---

Appeal from the Superior Court in Maricopa County
No.  CR2014-105439-001
CR2017-001517-001
The Honorable Joan M. Sinclair, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Michael J. Brown and Judge Jon W. Thompson joined.

---

**J O N E S**, Judge:

¶1          Joseph Lockett, III, appeals his convictions and sentences for two counts of sale or transportation of marijuana and the resulting revocation of his probation.  After searching the entire record, Lockett's defense counsel identified no arguable question of law that is not frivolous.  Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asks this Court to search the record for fundamental error.  Lockett was granted an opportunity to file a supplemental brief *in propria persona* but did not do so.  After reviewing the entire record, we find no error.  Accordingly, Lockett's convictions, sentences, probation revocation, and disposition are affirmed.

**FACTS AND PROCEDURAL HISTORY**

¶2          In May 2014, Lockett pleaded guilty to one count of possession of marijuana.[1]  The trial court suspended his sentence and placed him on probation for three years, which began in March 2015 after he was released from prison for a separate offense.  As a condition of his probation, Lockett was required to "maintain a crime-free lifestyle, by obeying all laws, and not engaging or participating in any criminal activity."

¶3          In March 2017, the State charged Lockett with two counts of sale or transportation of marijuana, alleging Lockett sold marijuana to an

---

[1]          "We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404, ¶ 2 n.2 (App. 2015) (quoting *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

undercover law enforcement officer on both February 9 and February 11, 2016.[2] Lockett defended the charges on a theory of misidentification.

¶4        At trial, the undercover officer testified he first met Lockett on January 15, 2016, behind a smoke shop near the intersection of 19th Avenue and Glendale Avenue in Phoenix. At the time, Lockett was in a white 1984 Buick Cutlass with a license plate reading BKT7930 that, according to records from the Motor Vehicle Department (MVD), was registered to Joseph Lockett. After bonding over their shared upbringing near Chicago, Lockett told the officer his name was "Joe" and gave him a telephone number ending in -0001.

¶5        The officer later used the -0001 phone number to arrange a meeting near a convenience store on February 9 and a fast food restaurant on February 11, both close to the smoke shop where he had first met Lockett.[3] On both February 9 and February 11, Lockett gave the officer a clear plastic baggie containing a green leafy substance in exchange for $20. Subsequent testing confirmed each baggy contained between six and seven grams of marijuana.

¶6        The undercover officer testified he had contact with the same person on all three occasions and his visual identification of that person immediately following the first meeting matched Lockett's MVD photo. A detective conducting surveillance who passed within three feet of the February 9 meeting visually identified Lockett as the person having a conversation with the undercover officer. The detective saw the same man enter the fast food restaurant on February 11 and sit next to the undercover officer for a short time. A second surveillance officer observed a man meeting Lockett's physical description engage with the undercover officer on both occasions. Finally, a third surveillance officer who was inside the

---

[2]        The State also charged Lockett with a third count of sale or transportation of marijuana and one count of sale or transportation of a dangerous drug, both alleged to have occurred on March 24, 2016. The jury was unable to agree on a verdict, and those charges were eventually dismissed without prejudice on the State's motion.

[3]        The officer did not retain records of these texts or calls. The jury was instructed pursuant to *State v. Willits*, 96 Ariz. 184, 189 (1964), that it could draw an inference "unfavorable to the State" if it found the officer's explanation for failing to preserve this evidence inadequate.

fast food restaurant on February 11 visually identified Lockett as the person who engaged in a hand-to-hand exchange with the undercover officer.

¶7        One month later, a patrol officer responded to a service call at an apartment complex near 17th Avenue and Glendale Avenue, after Lockett had reported being the victim of a crime.  During the officer's investigation, Lockett gave her the same telephone number ending in -0001 and allowed her to take photographs of his person and his white 1984 Buick Cutlass bearing license plate BKT7930.  At trial, the undercover officer confirmed those photographs depicted the same person and the same vehicle he encountered on January 15, and the same person who sold him marijuana on February 9 and 11.

¶8        Lockett moved unsuccessfully for judgment of acquittal and then testified in his defense.  Lockett admitted he lived in the area where the marijuana sales took place, owned the Cutlass, and maintained a telephone with the number ending in -0001, but denied having ever seen the undercover officer or having sold any drugs.  The State impeached Lockett with three prior felony convictions.

¶9        The jury found Lockett guilty on both counts of sale or transportation of marijuana and then determined the State proved beyond a reasonable doubt that the offenses were committed for pecuniary gain and that Lockett was on probation for a felony offense at the time they was committed.  The trial court made a determination of guilt on the offenses and set the matter for a combined disposition and sentencing hearing.  *See* Ariz. R. Crim. P. 27.8(e).

¶10        At the hearing, the trial court revoked Lockett's probation and sentenced him to the presumptive term of one year of imprisonment for possession of marijuana with credit for 365 days of presentence incarceration.  The court also sentenced Lockett as a non-dangerous, repetitive offender to concurrent, slightly aggravated terms of twelve years' imprisonment for the two counts of sale or transportation of marijuana, with credit for 135 days of presentence incarceration.  Lockett timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1),[4] 13-4031, and -4033(A)(1).

---

[4]        Absent material changes from the relevant date, we cite the current version of rules and statutes.

**DISCUSSION**

**¶11**        Our review reveals no fundamental error.  *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error.").  As relevant here, "[a] person shall not knowingly . . . [t]ransport for sale . . . sell, transfer or offer to sell or transfer marijuana." A.R.S. § 13-3405(A)(4).  The offense is a class 3 felony if it "involve[s] an amount of marijuana having a weight of less than two pounds." A.R.S. § 13-3405(B)(10).   The record contains sufficient evidence upon which the jury could determine beyond a reasonable doubt Lockett sold less than two pounds of marijuana to the undercover officer on February 9, 2016, and again on February 11.  Moreover, the jury's determination of guilt as to those offenses constituted a violation of Lockett's probation.  *See* Ariz. R. Crim. P. 27.8(e).

**¶12**        All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.  So far as the record reveals, Lockett was represented by counsel at all stages of the proceedings and present at all critical stages including the entire trial and verdict.  *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages) (citations omitted); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages).  The jury was properly comprised of twelve jurors, and the record shows no evidence of jury misconduct.  *See* Ariz. Const. art. 2, § 23; A.R.S. § 21-102(A); Ariz. R. Crim. P. 18.1(a).   The trial court properly instructed the jury on the elements of the charged offenses, the State's burden of proof, and Lockett's presumption of innocence.  Lockett was given an opportunity to speak at the sentencing and disposition hearing, and the court stated on the record the evidence and materials it considered and the factors it found in imposing the sentences.  *See* Ariz. R. Crim. P. 26.9, 26.10.  Additionally, the sentence and disposition were within the statutory limits.  *See* A.R.S. § 13-703(A), (C), (H), (J); A.R.S. § 13-708(C); Ariz. R. Crim. P. 27.8(c)(2).

**CONCLUSION**

**¶13**        Lockett's convictions, sentences, probation revocation, and disposition are affirmed.

**¶14**        Defense counsel's obligations pertaining to Lockett's representation in this appeal have ended.  Defense counsel need do no more than inform Lockett of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to

our supreme court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

¶15 Lockett has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review. *See* Ariz. R. Crim. P. 31.21. Upon the Court's own motion, we also grant Lockett thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.



AMY M. WOOD • Clerk of the Court
FILED: AA